

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 30, 2016

Via ECF & Facsimile
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Fax: 212-805-6717

    Re: <u>United States v. Ahmad Khan Rahimi</u>,
       16 Cr. 760 (RMB)

Dear Judge Berman:

    The Government respectfully requests, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, that the Court enter the enclosed protective order relating to unclassified discovery in this matter (the "Protective Order"). The Protective Order would: (i) permit the Government to make certain discovery materials subject to the restrictions of the Order by designating those materials "confidential" (the "Confidential Discovery"); and (ii) preclude the defense from disseminating Confidential Discovery outside of the defense team (including the defendant and defense experts) unless the defense demonstrates to the Court that wider dissemination of specific Confidential Discovery material is "necessary for the purpose of preparing the defense of the case."

    The Government is seeking to begin to produce discovery to the defendant as soon as possible after securing appropriate protections relating to the Confidential Discovery. Indeed, at the November 17, 2016 arraignment of the defendant, the Government prepared and brought to Court a substantial amount of discovery that it intended to produce to the defense upon entry of a protective order.

    The Government first proposed a protective order concerning unclassified discovery to defense counsel following the arraignment. The Government subsequently met with defense counsel on November 21 to discuss the order, and proposed a revised version of the order based on defense counsel's concerns on November 23. Defense counsel requested seven days to review the proposed revised protective order—until today, November 30, 2016. Following a call this morning with defense counsel, the Government understands the defense's principal objection to be that the Protective Order would require the defendant to make a showing to the Court before

Hon. Richard M. Berman     Page 2
November 30, 2016

disclosing Confidential Discovery to potential fact witnesses. However, the Protective Order is consistent with discovery practices in several cases in this District, and necessitated by the facts and circumstances of this case.

      Several similar protective orders have been entered recently, including protective orders to which the Federal Defenders consented. *See United States* v. *Campo Flores*, No. 15 Cr. 765 (PAC) (dkt. no. 20); *United States* v. *Rivera-Mena*, No. 15 Cr. 438 (LAP) (dkt. no. 7); *United States* v. *Viafara-Mina*, No. 11 Cr. 793 (ALC) (dkt. no. 72). The Federal Defenders have consented to similar protective orders in cases, like this one, that involve alleged acts of domestic terrorism and include potential witnesses who are located in the United States. *See United States* v. *Alimehmeti*, No. 16 Cr. 398 (PAE) (dkt. no. 11); *United States* v. *El Gammal*, No. 15 Cr. 588 (ER) (dkt. no. 9). And Your Honor has also entered similar protective orders. *See United States* v. *Zarrab*, No. 15 Cr. 867 (RMB) (dkt. no. 27); *United States* v. *Buryakov*, No. 15 Cr. 73 (RMB) (dkt. no. 14).

      Moreover, for the reasons set forth in the enclosed *ex parte* submission, *see* Fed. R. Crim. P. 16(d)(1), the Government respectfully submits that there are case-specific concerns that warrant relief pursuant to Rule 16(d). Accordingly, the Government respectfully requests that the Court enter the Protective Order.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By: _____
      Emil J. Bove III
      Andrew J. DeFilippis
      Shawn G. Crowley
      Nicholas J. Lewin
      Assistant United States Attorneys
      (212) 637-2444 / 2231 / 1034 / 2337

Enclosures

Cc:     Defense Counsel
       (Via Email, without *ex parte* submission)