HAGQRAH1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                           16 CR 760 (RMB)
                                         Trial
AHMAD KHAN RAHIMI,

            Defendant.

------------------------------x

                                         New York, N.Y.
                                         October 16, 2017
                                         9:25 a.m.


Before:

                    HON. RICHARD M. BERMAN,

                                         District Judge
                                            and a jury

                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
EMIL BOVE
ANDREW DeFILIPPIS
SHAWN CROWLEY
     Assistant United States Attorneys


FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
SABRINA SHROFF
MATTHEW LARSEN
MEGHAN GILLIGAN
RACHEL MARTIN

ALSO PRESENT:  Special Agent Joanna Maroudas, FBI
Paralegal Ayushe Misra, U.S. Attorney's Office
Paralegal Dante O'Connell, Federal Defenders of NY
Investigator Anna Finkel, Federal Defenders of NY
```

1             (Deliberations resumed; in open court)
2             THE COURT:  Just to report, all the jurors are here
3   and I assume they are deliberating.  So if you leave your
4   numbers or if you want to wait around with Christine, we will
5   contact you as soon as we hear anything from the jury.  OK?
6             MS. SHROFF:  OK.
7             MR. BOVE:  Thank you, Judge.
8             (Recess pending verdict)
9             (Jury note received at 10:38 a.m.)
10            THE COURT:  We have a note requesting some additional
11  information.
12            The note reads as follows:  The jury would like to
13  examine the government's list of swabs collected from 104
14  Elmora Avenue and Robert Mothershead's testimony of residue
15  found at 104 Elmora Avenue and 23rd Street.  So I will make a
16  copy or I will show you copies of the note, and then you will
17  tell me how you would like me to answer it.
18            (Pause)
19            THE COURT:  Why don't you talk between yourselves.
20  Otherwise, I will send them a note back and say I will discuss
21  with counsel and get back to you.  Is that all right with you?
22            MR. BOVE:  Thank you, Judge.  That makes sense.
23            (Pause)
24            MS. SHROFF:  Your Honor, we have reached a partial
25  agreement on what we can send in and a partial disagreement.

1    THE COURT:  I am going to send this note in first, the
2 one I just discussed with you.
3    MS. SHROFF:  Your Honor, the note reads:  The jury
4 would like to examine the government's list of swabs collected
5 from 104 Elmora Avenue, and, which is the plus sign, but I'm
6 reading it out loud as "and" Robert Mothershead's testimony of
7 residue found at 104 Elmora Avenue and 23rd Street.  So the
8 defense would ask that you inform the jury that there is no
9 list of swabs collected from 104 Elmora Avenue, and I think the
10 government agrees that there is no such list, and then provide
11 to them both the direct and the cross of Robert Mothershead's
12 testimony.  That is how we read the note, and that is how the
13 defense asks that it be answered to the jury.  Thank you.
14    MR. BOVE:  Your Honor, we think that both of those
15 steps make sense, but that in addition to that, for the sake of
16 efficiency, because the list is set forth in the trial
17 testimony, that we should also provide the relevant portions of
18 the testimony from the people who collected swabs at 104 Elmora
19 and 23rd Street.  I can provide that list to the Court if you
20 would like.
21    THE COURT:  There is a list?
22    MR. BOVE:  There are witnesses who described the swabs
23 that they took, so the substance of the information that the
24 jury is asking for is in their testimony.  So, from the
25 government's perspective, for the sake of efficiency, we would

1    provide the jury with that information.

2             MS. SHROFF:  Your Honor, you can't read a jury note
3    for the sake of efficiency.  Efficiency does not trump
4    everything else.

5             THE COURT:  Come one.  Just get to the merits.

6             MS. SHROFF:  That is the merits.  I think the jury has
7    asked to examine --

8             THE COURT:  They want a list.  That's what you wanted
9    to say.  I got it.  I got it.

10            MS. SHROFF:  There isn't a list.

11            THE COURT:  I got it.  You said it three times.

12            MR. BOVE:  I'm just not sure why we would withhold the
13   information from the jury.  They want to know about the swabs.
14   There are witnesses who testified about the swabs.  They
15   collected them and I don't see why we withhold that information
16   from the jury.

17            MS. SHROFF:  Because it doesn't ask for testimony.  It
18   asks for a list.

19            THE COURT:  OK.  Thanks.  Please be seated.

20            So I don't understand honestly the second half of your
21   response.  They didn't ask for all of this testimony, direct
22   and cross.  They asked specifically for Robert Mothershead's
23   testimony of residue found at 104 Elmora Avenue and 23rd
24   Street.  That's all they asked for.  They did not ask for the
25   entire -- and I wouldn't plan to send them the entire

1  testimony.
2          MR. BOVE:  That makes sense to us.
3          THE COURT:  Is there testimony about residue?
4          MR. BOVE:  Yes.
5          THE COURT:  Then you have to go through with the court
6  reporter or the transcript and figure out which information
7  responds to that portion of the question.  While you're doing
8  that, I will give some thought to the first part.
9          MR. BOVE:  Would your Honor like the names of the
10  other witnesses who collected?
11          THE COURT:  No.  I just have to figure that out.
12          MR. BOVE:  Thank you, Judge.
13          (Recess)
14          (Jury note received 11:13 a.m.)
15          THE COURT:  So I got another note that says:
16          Please disregard our previous note, we expect a
17  verdict soon.  So I am going to write back, and say I will
18  disregard your previous note.
19          (Recess pending verdict)
20          (Jury not received 11:38 a.m.)
21          THE COURT:  Just to take a minute and explain the
22  procedure.  We did get a note that says:  We have reached a
23  verdict, and it is signed by the foreperson.  You can take a
24  look at that if you wish.
25              What my procedure is, is as follows, just so nobody

1    is confused: We will call in the jury. Christine will take
2    the verdict from the foreperson. I will look at it, hand it
3    back to Christine. She will hand it back to the foreperson,
4    and then I will ask Christine to poll the jury, including each
5    individual juror as to whether that is their verdict. OK?
6             And then I will going to ask you to remain seated for
7    awhile because I am going to go back, typically after I have
8    received the verdict, and spend a minute or two with the jurors
9    thanking them for their service.
10            OK, if we could have the jury.
11            (Jury present)
12            THE COURT: Please be seated. I'm going to ask the
13   foreperson to hand the verdict to Christine. I will take a
14   quick look at it, hand it back to her, she will give it back to
15   you, and then Christine will poll the jury.
16            THE DEPUTY CLERK: In the matter of United States of
17   America v. Ahmad Khan Rahimi, how do you the jury find as to
18   the following questions:
19            Count One: Use of a weapon of mass destruction 23rd
20   Street.
21            FOREPERSON: We find the defendant guilty.
22            THE DEPUTY CLERK: Count Two: Attempted use of a
23   weapon of mass destruction – 27th Street.
24            FOREPERSON: We find the defendant guilty.
25            THE DEPUTY CLERK: Count Three: Bombing of a place of

1    public use – 23rd Street.
2            FOREPERSON:  We find the defendant guilty.
3            THE DEPUTY CLERK:  Count Four:  Destruction of
4    property by means of fire or explosive – 23rd Street.
5            FOREPERSON:  We find the defendant guilty.
6            THE DEPUTY CLERK:  With regard to Count Four:  Did the
7    government prove beyond a reasonable doubt that the defendant's
8    conduct directly and proximately resulted in an injury to
9    another person?
10           FOREPERSON:  Yes, they did.
11           THE DEPUTY CLERK:  Count Five:  Attempted destruction
12   of property by means of fire or explosive – 27th Street.
13           FOREPERSON:  We find the defendant guilty.
14           THE DEPUTY CLERK:  Count Six:  Interstate
15   transportation and receipt of explosives – 23rd Street and 27th
16   Street?
17           FOREPERSON:  We find the defendant guilty.
18           THE DEPUTY CLERK:  With regard to Count Six, did the
19   government prove beyond a reasonable doubt that the defendant's
20   conduct directly and proximately resulted in an injury to
21   another person?
22           FOREPERSON:  Yes.
23           THE DEPUTY CLERK:  Count Seven:  Use of a destruction
24   destructive device during and if furtherance of a crime of
25   violence – 23rd Street.

1           FOREPERSON:  We found the defendant guilty.
2           THE DEPUTY CLERK:  Count Eight:  Use of a destructive
3    device during and in furtherance of a crime of violence - 27th
4    Street.
5           FOREPERSON:  We found the defendant guilty.
6           THE DEPUTY CLERK:  You may be seated.
7           Ladies and gentlemen of the jury, please listen to
8    your verdict as it stands recorded:
9           Count One:  Use of a weapon of mass destruction - 23rd
10   Street.
11          Guilty.
12          Count Two:  Attempted use of a weapon of mass
13   destruction - 27th Street.
14          Guilty.
15          Count Three:  Bombing of a place of public use - 23rd
16   Street.
17          Guilty.
18          Count Four:  Destruction of property by means of fire
19   or explosive - 23rd Street.
20          Guilty.
21          Did the government prove beyond a reasonable doubt
22   that the defendant's conduct directly and proximately resulted
23   in an injury to another person.
24          Answer:  Yes.
25          Count Five:  Attempted destruction of property by

1  means of fire or explosive – 27th Street.
2          Guilty.
3          Count Six:  Interstate transportation and receipt of
4  explosives – 23rd Street and 27th Street.
5          Guilty.
6          Did the government prove beyond a reasonable doubt
7  that the defendant's conduct directly and proximately resulted
8  in an injury to another person.
9          Answer:  Yes.
10         Count Seven:  Use of a destructive device during and
11 in furtherance of a crime of violence – 23rd Street.
12         Guilty.
13         Count Eight:  Use of a destructive device during and
14 in furtherance of a crime of violence – 27th Street.
15         Guilty.
16         (Jury polled; each juror responds in the affirmative)
17         THE DEPUTY CLERK:  Your Honor, jurors polled.  Verdict
18 is unanimous.
19         THE COURT:  OK.  Well, so that concludes our trial,
20 and the jury deliberations.  You are, with my gratitude and the
21 gratitude on behalf of everybody else who was involved in this
22 case, dismissed, discharged as jurors.
23         If you don't mind, when you go back to the jury room,
24 my practice is usually to come back and just say thanks in
25 person, so I will in just a couple of seconds after you are

1  back in the jury room.
2           Thank you very much for your patience, your time and
3  your civic duty.  It was a pleasure to work with you.
4           Thanks very much.
5           THE JURY:  Thank you.
6           (Jury discharged)
7           THE COURT:  Please be seated everybody.  Thanks.
8           (Pause)
9           THE COURT:  Please be seated.
10          Next order of business from my point of view is to set
11 a sentencing date, which is usually 90 days out.  I am going to
12 set a sentencing date of Thursday, January 18, 2018, at
13 10:30 a.m.
14          I also intend to direct that a presentence
15 investigation report be prepared by the probation department,
16 and I would ask defense counsel if they wish to be present for
17 any interview of Mr. Rahimi in connection with that report
18          MS. SHROFF:  I do request to be present, your Honor.
19          THE COURT:  So I direct that there be no interview of
20 Mr. Rahimi unless defense counsel is present and hereby do
21 order the presentence investigation report.
22          Mr. Rahimi, I say this to everybody who is going to be
23 sentenced; that in my opinion it is in your best interest to
24 cooperate with the probation department who prepare the
25 presentence report, consulting, of course, with your attorney.

             Since that report will be important in my decision as to what sentence will be imposed, please tell them whatever they ask consulting with your attorney, both the good things and even the not-so-good things, because if you don't disclose something that they ask about, and they were to find it out themselves, then they could say that you were not being truthful with them and that would not be helpful to you.

             You and your counsel and the government have a right and will have the opportunity to examine the presentence report before the sentencing date and to file any objections.  So I urge you to review that report carefully with your attorney and discuss it with your attorney before sentencing.  If there are any mistakes in the report, please point them out to your lawyer so that she can point them out to me before sentencing, and so that I don't proceed on the basis of mistaken information.

             In connection with the January 18 sentencing, I will ask defense counsel to make any submissions, if you can, Ms. Shroff, by January 3.

             MS. SHROFF:  Sure, your Honor.

             THE COURT:  I will ask the government if you have any response to make that by January 10, if that's OK.

             MR. BOVE:  Yes, Judge.  Thank you.

             THE COURT:  I think that's it, unless counsel has anything else for me at this time.  I think that concludes our

1  work in this trial.
2          Thank you very much for your help.
3          MR. BOVE:  Thank you, Judge.
4          (Trial concluded)