Xavier R. Donaldson
Anthony S. Chilliest

*Member NY & NJ Bars

**DONALDSON & CHILLIEST, LLP**
Attorneys at Law
1825 Park Avenue, Suite 1102
New York, New York 10035
Telephone: (212) 722-4900
Facsimile: (212) 722-4966

Ozro Thaddeus Wells
Paula Brown Donaldson
Jaye Ballard
Jason Foy*
Of Counsel

January 30, 2018

**VIA Email and ECF**
Honorable Richard M. Berman
Senior United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *United Stated v. Ahmad Khan Rahimi*
       16 Cr 760 (RMB)

Dear Judge Berman:

   As this Court is aware, on October , 2017 Mr. Rahimi, a jury found Mr. Rahimi guilty of Use of a Weapon of Mass Destruction in violation of 18 U.S.C. Section 2332a(a)(2))A), Attempted Use of a Weapon of Mass Destruction in violation of 18 U.S.C. Section 2332a(a)(2)(A), Bombing a Place of Public Use in violation of 18 U.S.C. Section 2332f(a)(1)(A), Destruction of Property by Means of Fire or Explosive Device in violation of 18 U.S.C. Section 844, Attempted Destruction of Property by Means of Fire or Destructive Device in violation 18 U.S.C Section 844(i), Interstate Transportation and Receipt of Explosives in violation of 18 U.S.C. Section 844(d), Use of a Destructive Device During and in Furtherance of a Crime of Violence in violation of 18 U.S.C. Section 924(c)(1)(A) and (B)(ii) and Use of a Destructive Device During and in Furtherance of a Crime of Violence in violation of 18 U.S.C. Section 924(c)(1)(A) and (B)(ii).

**OBJECTIONS/CORRECTIONS TO PRE SENTENCE REPORT**

| | |
|---|---|
| Paragraph 14: | Mr. Rahimi agrees that he lost his commissary privileges for 30 days but objects to the remainder of paragraph 14. |
| Paragraph 15: | Mr. Rahimi objects to this paragraph. |
| Paragraph 16: | Mr. Rahimi objects to this paragraph. |
| Paragraph 43: | The Section should by 2M6.1. |
| Paragraph 77: | Mr. Rahimi objects to this paragraph. |

*3553 Analysis*

18 USC Section 3553 calls upon this Court to consider specific factors, including the appropriate Sentencing Range, to impose a sentence that is "sufficient but not greater than necessary" to comply with the goals of sentencing. *See, 18 USC Section 3553(a)*. Notably, any sentence imposed by the Court must be based upon an individualized assessment based upon the unique factors presented. *See, U.S. v. Gall*, 552 US 38, 39 (2007).

Significantly, the United States Sentencing Guidelines merely reflect a "rough approximation of sentences that might achieve section 3553(a)'s objectives". *See, Rita v. United States* 551 US 338, 350 (2007). The Court "may not assume that the Guidelines Range is reasonable." *Gall,* at 50. As the Supreme Court declared in *Nelson v. United States*, 550 U.S. 350 (2009), "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Id*., at 351 (emphasis in original).

After giving both parties an opportunity to argue for whatever sentence they deem appropriate, the District Court should then consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. *U.S. v. Gall*, at 49-50. It is our opinion that after considering all the factors articulated in 18 USC 3553, the Court should sentence Mr. Rahimi to **up to 180 months** for each of Counts 1 thru 6 to run concurrently. Regarding Count 7, Mr. Rahimi understands, without agreeing, that the Court must impose a mandatory 30 year consecutive sentence. Regarding Count 8, Mr. Rahimi understands, without agreeing, that the Court must sentence him to Life in prison to run consecutively to counts 1 - 7.

*Convicted Conduct*

As indicated above, Mr. Rahimi was convicted of possessing, transporting and detonating an explosive device in New York City on September 17, 2016. Specifically, Mr. Rahimi was convicted of transporting explosive devices from New Jersey to New York and detonating one explosive device on 23rd Street and placing another explosive device on 27th Street.

Several people suffered injuries from the 23rd Street explosion with one person requiring hospitalization and another individual losing consciousness. Moreover, testimony from witnesses indicated that they suffered economic damage to their properties as a result of the explosion on 23rd Street.

*Characteristics of the Defendant*

Mr. Rahimi was born on January 23, 1988 in Afghanistan. His family immigrated to the United States in 1995. On August 22, 2011, Mr. Rahimi became a Naturalized United States Citizen. Mr. Rahimi's father, understanding that hard

work opens the door to opportunity in the United States opened a restaurant in New Jersey.

It is clear that Mr. Rahimi was reared by a father who dedicated his life in the United States to hard work and a commitment to education as indicated by the decades of work Mr. Rahimi's father endured working at his chicken restaurant.
Indeed, when Mr. Rahimi was a senior in high school he moved out on his own. During that senior year, Mr. Rahimi found his own apartment and worked a steady job to pay his rent. Importantly, while Mr. Rahimi had unusual responsibilities as a teenager, he matriculated thru high school and graduated in 2008.

Because Mr. Rahimi understood the value of hard work, upon graduating from high school, he immediately sought and obtained employment at a national retailer. While working, and still a young man, Mr. Rahimi became a father. The birth of his first daughter caused him to seek more hours of employment and higher education.

Consequently, and in order to further his employment opportunities as well as his desire to be a productive citizen, Mr. Rahimi began attending Middlesex Community College seeking a degree in Criminal Justice. During his studies at Middlesex, Mr. Rahimi had aspirations of being a police officer. It was Mr. Rahimi's belief that he could help people while employed in a position that would guarantee him some type of pension. As a result, Mr. Rahimi had planned on being a police officer for a long time to ensure he had something to pass on to his children.

Because it was difficult to afford his college education, Mr. Rahimi temporarily stopped attending college and found employment as a security guard. Within the last five (5) years, Mr. Rahimi had another daughter and a son. In order to provide for his children, Mr. Rahimi was working approximately 60 hours per week at a chicken restaurant and part time at Dunkin Donuts. When asked why he was working so many hours, Mr. Rahimi simply stated "to take care of my kids and pay for my wife's dental care because she didn't have any insurance."

Essentially, prior to his arrest and conviction in this matter, Mr. Rahimi sought and became a United States Citizen, worked while obtaining his high school diploma, found employment immediately after high school, started a family, pursued a college degree and then secured additional employment related to his college education in order to legally and productively provide for his family. Since his arrest, Mr. Rahimi has completed classes in business, entrepreneurship and drama while in BOP custody.

Clearly, any sentence the Court imposes will involve significant prison time and serve as a general and specific deterrent as indicated by the statutory requirement of a life sentence consecutive to a 30 year sentence. The obvious severity of a life sentence plus 30 years is crystal clear: said sentence is intended to ensure that Mr. Rahimi is never released.

A life sentence for counts 1-3 would thus serve no legitimate purpose except to "unnecessarily stack" life sentences.

As part of the Court's sentence, we are recommending that the Court include a suggestion to the Bureau of Prisons that Mr. Rahimi be allowed to avail himself of any educational opportunities that Mr. Rahimi qualifies for. We are also asking the Court to recommend to the Bureau of Prisons that Mr. Rahimi be housed in a location as close to Virginia as possible to facilitate family visitation. We make this request primarily because since Mr. Rahimi's arrest, he has only been allowed approximately six (6) family visits.

## CONCLUSION

Based on the foregoing, we are asking the Court to sentence Mr. Rahimi accordingly:

- Count 1:   Up to 180 months
- Count 2:   Up to 180 months
- Count 3:   Up to 180 months
- Count 4:   Up to 180 months
- Count 5:   Up to 180 months
- Count 6:   Up to 180 months
- NOTE:     Counts 1 – 6 to run concurrently
- Count 7:   30 years (statutory minimum) to run consecutively to Counts 1 – 6.
- Count 8:   Life (statutory requirement) to run consecutively to Counts 1-7.[1]

Indeed, it cannot be overstated that the following applies to Mr. Rahimi:

- Mr. Rahimi provided for his children prior to being arrested and convicted;
- Mr. Rahimi received his high school diploma;
- Mr. Rahimi sought and obtained lawful employment;
- Mr. Rahimi is in Criminal History Category I.

Consequently, because of the above, we believe the requested sentence is a sufficient but not greater than necessary sentence for Mr. Rahimi.[2]

---

[1] The defense is not waiving any future objections to the constitutionality of or the reasonableness of the statutory minimum for count 7 and count 8.

[2] The Defense also objects to the restitutionary amount calculated by the Government.

Respectfully submitted,

DONALDSON & CHILLIEST, LLP

Xavier R. Donaldson, Esq.
Attorney for Ahmad Khan Rahimi

Cc:   Assistant U.S. Attorney