UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AHMAD KHAN RAHIMI,
      a/k/a "Ahmad Khan Rahami"

                Petitioner,

           -v-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------x

      16 Cr. 0760 (RMB)
      22 Cv. 7392 (RMB)

      **DECISION & ORDER**

On or about August 26, 2022, Ahmad Khan Rahimi ("Rahimi" or "Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition"). Rahimi challenges two of eight counts of conviction.

For the reasons stated below, the Petition is respectfully denied.

## I.  Background

On September 17, 2016, Rahimi "sowed terror across two states, setting off bombs in Manhattan and on the Jersey Shore." Marc Santora, et al., *Ahmad Khan Rahami Is Arrested in Manhattan and New Jersey Bombings*, N.Y. Times (Sept. 19, 2016), https://www.nytimes.com/2016/09/20/nyregion/nyc-nj-explosions-ahmad-khan-rahami.html.[1] On September 19, 2016, Rahimi was confronted by law enforcement; he drew his pistol and opened fire on the officers. Law enforcement subdued Rahimi and recovered a handwritten letter

---

[1] One of the bombs was hidden under a dumpster near a home for the blind and disabled on West 23rd Street, Manhattan, and detonated injuring 31 people. (Final Presentence Investigation Report ("PSR") ¶ 20–21.) Rahimi planted another bomb four blocks away on West 27th Street which was recovered by law enforcement. (*Id.* ¶ 23.) Rahimi also detonated a bomb along the route of a Marine Corps 5k race in Seaside Park, New Jersey. (*Id.* ¶ 18.) Law enforcement also recovered six bombs in Rahimi's backpack which had been placed near the entrance to the New Jersey Transit station in Elizabeth. (*Id.* ¶ 24.)

addressed to the "USA Governmen[t]" in Rahimi's pants pocket. The letter stated that Rahimi intended to "attack the kuffar [non-believers] in their backyard." (PSR ¶ 36; Gov't Ex. 703-1.)

On October 16, 2017, an SDNY jury convicted Rahimi of all counts of an eight-count indictment ("Indictment"). On February 13, 2018, the Court sentenced Rahimi to life imprisonment on each of Counts One through Three; 40 years' imprisonment on Count Four; 20 years' imprisonment on Count Five; 20 years' imprisonment on Count Six, 30 years' imprisonment on Count Seven, and a life sentence on Count Eight. (*See* Sent'g Tr., Dkt. 205, at 75–76; *see also* Judgment, Dkt. 199.) The sentences for Counts One through Six run concurrently. (*See* Sent'g Tr., Dkt. 205, at 75–76.) The Court stated that "for Counts One through Six, [the Guidelines range] is clearly life, and I do think that is the appropriate sentence." (*Id.*) The Court imposed a mandatory "30-year consecutive [sentence] for Count Seven, plus an additional life consecutive sentence on Count Eight." (*Id.*)

On February 20, 2018, Rahimi appealed his conviction. (He did not argue on appeal that 18 U.S.C. § 924(c) was unconstitutionally vague). The Second Circuit Court of Appeals dismissed the appeal in a summary order on November 4, 2019. *See United States v. Rahami*, 794 F. A'ppx 4, 8 (2d Cir. 2019) ("We have considered all of Rahimi's contentions on appeal and have found in them no basis for reversal"). The U.S. Supreme Court denied Rahimi's petition for a writ of certiorari on January 21, 2020. *See Rahimi v. United States*, 140 S. Ct. 943 (2020).

Rahimi now challenges his convictions of Counts Seven and Eight, *i.e.*, for the use of a destructive device during and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). He contends that Counts Seven and Eight should be vacated as § 924(c) "has been found

to be unconstitutional by the Supreme Court in [*United States v. Davis*, 139 S. Ct. 2319 (2019)]."[2] Rahimi does not challenge his convictions of Counts One through Six for which he is currently serving a life sentence.

## II.   Legal Standard

"Title 28 U.S.C. § 2255 establishes a '1–year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section.  That period runs from 'the latest' of a number of events," including the date on which the judgment becomes final and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Dodd v. United States*, 545 U.S. 353, 354–55 (2005) (quoting 28 U.S.C. § 2255(f)).  Where a petitioner fails to file his § 2255 motion until more than one year after the later of these two dates, "his motion [i]s untimely." *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).

A petitioner may not raise a claim under 28 U.S.C. § 2255 that was not raised on direct appeal, unless the petitioner "can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)).

"Courts may decline to consider collateral challenges to a conviction's validity if the petitioner is concurrently serving an equal or longer sentence on another valid count of conviction." *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021).

---

[2] *Davis* held that the definition of "crime of violence" in § 924(c)'s "residual clause" was unconstitutionally vague.

3

## III.    Analysis

### The Petition Is Untimely

The Petition is procedurally barred.  For one thing, Rahimi brought his Petition, dated July 18, 2022 and docketed on August 26, 2022, more than a year after Rahimi's judgment of conviction became final and also after *Davis* was decided.  *See* 28 U.S.C. § 2255(f); *see also Dodd*, 545 U.S. at 357.  Rahimi's judgment became final when the Supreme Court denied his writ of certiorari on January 21, 2020.  *See Rosa v. United States*, 785 F.3d 856, 857 (2d Cir. 2015).  And, *Davis* was decided on June 24, 2019.  *See Davis*, 139 S. Ct. 2319.

Rahimi's allegations that he has had restricted access to legal materials while incarcerated do not constitute "extraordinary circumstances" and/or equitable tolling.  *See, e.g.*, *Cross v. McGinnis*, No. 50 Civ. 504 (PAC), 2006 WL 1788955, at *4–7 (S.D.N.Y. June 28, 2006); *Rosario v. United States*, No. 09 Civ. 2578 (NRB), 2010 WL 3291805, at *2 (S.D.N.Y. Aug. 9, 2010) ("[T]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" (internal quotation marks omitted)); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

### The Petition Is Procedurally Barred

Rahimi failed to challenge his § 924(c) convictions on direct appeal and he has not argued or shown "cause," "prejudice," or "actual innocence."  As noted, Rahimi did not raise a "vagueness" objection in his direct appeal.  It is of no moment that *Davis* was decided after Rahimi's direct appeal as "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (quoting *Smith v. Murray*, 477 U.S. 527, 537

4

(1986)).  Rahimi cannot establish prejudice or an error "so grave [it] result[s] in a complete miscarriage of justice."  *See Kassir*, 3 F.4th at 564.

### The Court Declines Review Under the Concurrent Sentence Doctrine

The Court also declines to review Rahimi's claims relating to Counts Seven and Eight because any favorable decision on these counts would not shorten the amount of time he will spend incarcerated.  "[T]he concurrent sentence doctrine applies to a collateral challenge to a conviction for which the sentence runs consecutively to one or more unchallenged life sentences."  *Al-'Owhali v. United States*, 36 F.4th 461, 467–8 (2d Cir. 2022).

Analysis of the *Vargas* factors supports the application of the concurrent sentence doctrine. The *Vargas* factors include the effect of unreviewed convictions on the petitioner's eligibility for parole; the application of future recidivist statutes; the petitioner's credibility in future trials; the possibility of a pardon; and societal stigma of a conviction. *See United States v. Vargas*, 615 F.2d 952, 959–60 (2d Cir. 1980).  This Court's decision not to review Rahimi's claims with respect to Counts Seven and Eight will not affect Rahimi's eligibility for parole or the application of recidivist statutes.  "[T]here is no meaningful possibility that the unreviewed conviction will subject [petitioner] to a substantial risk of adverse collateral consequences."  *Al-'Owhali*, 36 F.4th at 468; *see Kassir*, 3 F.4th at 568.

Rahimi faces a life sentence with respect to Counts One through Six.  (*See* Sent'g Tr. at 75.)  The concurrent sentence doctrine is particularly appropriate where, as here, "[t]here is no apparent detriment in leaving [Counts Seven and Eight] for a later time—which might never

arrive—when they actually become material to the length of the defendant's custody." *Kassir*, 3 F.4th at 568.

## IV.   Certificate of Appealability

The Court does not recommend that a certificate of appealability be issued in this case. 28 U.S.C. § 2253(c); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997).

## V.   Conclusion & Order

For the reasons stated herein, Rahimi's Petition [#210] is denied.  The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
February 21, 2023

RMB
_____
**RICHARD M. BERMAN, U.S.D.J.**